Case 4:22-cv-01009 Document 13 Filed on 04/19/23 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RON LEROY BURCHFIELD, Jail #214546, TDCJ #02428772, Plaintiff, VS. SERGEANT BRIGGS, *et al.*, Defendants. | § § § § § § § § § § CIVIL ACTION NO. H-22-01009 |

## MEMORANDUM AND ORDER

At the time the plaintiff, Ron Leroy Burchfield (Jail #214546, TDCJ #02428772), filed this prisoner civil rights complaint under 42 U.S.C. § 1983, he was confined as a pre-trial detainee in the Grimes County Jail ("Jail"). Doc. No. 1. He has submitted a More Definite Statement and proceeds *pro se* and *in forma pauperis*. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be DISMISSED for the reasons that follow.

### I.   BACKGROUND

In Burchfield's Original Complaint, he did not complete the "Statement of Facts" portion of the form for prisoner civil rights actions, but instead submitted copies of his grievances complaining of multiple issues at the Jail. The Court ordered Burchfield to clarify his claims in a More Definite Statement. Burchfield submitted a More Definite Statement listing seventeen or eighteen officials and staff at the Jail, presenting a laundry list of complaints regarding the conditions of his confinement there. For clarity and

because his claims involve numerous different episodes involving so many officials, they are presented based on the allegations against each Defendant in the order they appear in Plaintiff's More Definite Statement.

**Sergeant Briggs**: Burchfield alleges that Sergeant Briggs would not let him call his lawyer or speak to mental health ("MHMR") providers for more than a week and left him in his cell without water for a week. He discloses that he had a mental breakdown where he flooded his cell because he was depressed and snapped. He further alleges that Briggs would not let him go to the law library and left him in soiled clothes. He claims that Briggs and a nurse did not let him go to a dental appointment based on his behavior. Briggs allegedly asked him if he was still snitching because Burchfield had filed a lawsuit, and Briggs also would not let him use the kiosk.

**Sergeant Magnes**: Burchfield alleges that Sergeant Magnes ignored another inmate, Michael Scruggs, while he pushed the button to get help for Burchfield and Scruggs when it appeared that they were about to be jumped by half of the inmates in their dorm. He claims that three of the gang members had weapons. Burchfield alleges that Magnes stated that she was watching the dorm on camera the whole time, but did nothing to help them. Burchfield claims that these three gang members said that other gang members would get Scruggs and Burchfield in other dorms and that Scruggs was attacked when he was moved. He alleges that Magnes threatened to move Burchfield and that the same thing would happen to him. Magnes also allegedly ignored him when he complained that he was strapped to a chair too tightly.

**Luborski**: Burchfield also claims that he filed a separate lawsuit against Luborski for punching him in his bad arm while he was strapped to a chair and ignored him when he complained that he was strapped in too tightly. *See Burchfield v. Luborski*, Civ. A. No. H-22-564 (S.D. Tex. Dec. 8, 2022). He explains that he named Luborski again in this lawsuit because he was one of many people with whom he had problems, but that Luborski was mentioned in a separate lawsuit because he was the one who physically hit Burchfield.

**Nurse Jennifer McLeod**: Burchfield also alleges that McLeod noted in his file that he was on drugs when he got to the Jail when he was not. He complains that McLeod would not let him see MHMR for seven months and has not sent him to get re-diagnosed for bipolar, ADHD, and split personality disorder so he can resume his medications. He alleges that McLeod charged him two times just to look at his teeth and decide that he needed to see a dentist, and that he finally saw a dentist on April 13, 2022. He complains that he did not request to see her twice for that issue. He says that he thought he would get bloodwork because he was spitting up blood and has still not been seen for that issue. He claims that Nurse McLeod put him on a list for a stool sample test that he did not request and tried to refuse 3 or 4 times, but when he provided them a sample they did not want to take it.

**Three Unknown CID Officers**: Burchfield claims that 3 unknown officers twisted his arms while trying to strip his clothes off in an effort to change his clothes. He alleges that one of them pointed a taser at him and another one yelled at him to "just take your f***ing clothes off!" while the two others watched.

**Segura**: Burchfield alleges that Segura, also known as Mrs. G or Rossie, gave him a uniform that had a Piru gang symbol and "Kill Whitey" written in pen on it, which he claims placed him in danger because it was a racial threat. He also complains that Segura refused to provide him with a clean set of clothes when he accidentally soiled his pants and told him he could not have another set of clean clothes until the next day.

**Lucherk**: Lucherk allegedly gave him someone else's medical paper that he did not ask for.

**Ty Jones**: Ty Jones allegedly would not let him call his lawyer or access the law library when he asked and let him keep a useless medical paper.

**Hernandez**: Burchfield alleges that Hernandez was talking about his penis through the microphone, and Burchfield told him he did not want to hear about that but Hernandez would not stop. He also states that Hernandez let him keep someone else's medical paper.

**J.C. Martin**: Martin allegedly opened his legal mail in front of his cell and not in front of Burchfield, and said "oops" in front of another guard. Martin also allegedly threatened Burchfield that he would "tighten him up" after he got out of Jail.

**Spears and Clark**: Spears and Clark allegedly would not let him call his lawyer or go to the law library, and Clark allegedly told a trusty that she did not care if he ate and made a spitting sound before handing him his food.

**Larado**: Larado allegedly asked him three times if he wanted to go the MHMR and he said "yes," but then she lied on the form and stated that he said "no." Burchfield also

claims that Larado ignored him when he was yelling that the straps on his arms were too tight.

**Telthorster**: Telthorster allegedly gave him his mail and let him keep the paper clips and staples and allowed him to keep a razor when he is only allowed a clipper shaver. He also claims that his legal mail was opened about three inches for a "sneak peek."

**Morong**: Burchfield claims that Morong stated that he might have been the one to place pictures of Burchfield's children in a pedophile's locker when shaking down the dorm.

**Lieutenant Davis E. Use**: Lt. Use allegedly failed to help Burchfield with all of these problems he was having at the Jail and stated that all of Burchfield's problems were his own fault and that his grievances were not "bona fide." He further alleges that Lt. Use did not send him copies of his grievances until he filed a lawsuit.

## II. LEGAL STANDARD

This case is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se. Erickson v. Pardus,* 551 U.S. 89, 94 (2007)

(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### III. DISCUSSION

Burchfield submits a laundry list of complaints against seventeen officials and staff at the Jail. His allegations are conclusory and do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

In addition, his claims regarding being strapped to a chair and Luborski striking him are duplicative of another case that Burchfield filed. *See Burchfield*, Civ. A. No. H-22-564. All of the claims against defendants regarding that incident could have, and should have, been brought in that lawsuit. The Court will not re-litigate those claims, which are subject to dismissal as "malicious" for purposes of the PLRA. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*). Therefore, the claims against Luborski and any other officer involved in the chair restraint incident are dismissed as frivolous and malicious.

Regarding Burchfield's claims about threats or other non-physical incidents, it is well established that allegations of verbal threats and harassment do not state a claim for relief under 42 U.S.C. § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citing *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)). Therefore, Burchfield's claims regarding verbal threats and harassment against Briggs, Magnes, three unknown CID officers, Segura, Hernandez, J.C. Martin, Clark, Larado, Morong, and Lt. Use are dismissed as frivolous.

Moreover, Burchfield lacks standing to pursue a claim regarding receiving another inmate's medical paper in error. *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that an inmate has no standing to sue on behalf of other inmates). To the extent he wonders whether any of the records, including his own, are "safe," his claims are conclusory and speculative. *Iqbal*, 556 U.S. at 678. Therefore, his claims regarding the medical paper asserted against Lucherk, Ty Jones, and Hernandez are dismissed for failure to state a claim for which relief may be granted.

Regarding his general conditions of confinement claims, "[t]he Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (citing *Bell*, 441 U.S. at 535). Even so, *de minimis* restrictions do not amount to punishment and are not sufficient to maintain a claim under section 1983. *See id.* at 106 (affirming dismissal of a pretrial detainee's conditions of confinement claim because his allegations amounted to no more than a "*de minimis* level of imposition" such that the conditions were

not punishment). In that regard, Burchfield's allegations that defendants shut off the water temporarily after he flooded his cell, made him stay in soiled pants for a day, issued him a shirt that a previous inmate defaced with gang symbols or threats, forced him to change his clothes, and did not allow him to call his attorney upon request or go to the law library when he wanted are *de minimis* and insufficient to state a constitutional claim. *See, e.g., Hamilton*, 74 F.3d at 106 (finding that a pretrial detainee's allegations that he was denied visitation, telephone access, recreation, mail, legal materials, sheets, and showers for three days was *de minimis* and did not amount to a constitutional claim); *Collins v. Ainsworth*, 382 F.3d 529, 545 (5th Cir. 2004) (holding that the plaintiffs were exposed to only "*de minimis* level of imposition" where they had to stay in an overcrowded jail without a mattress for about 24 hours); *Simons v. Clemons*, 752 F.2d 1053, 1054-55 (5th Cir. 1985) (affirming dismissal where the pretrial detainee's deprivation of her pain medication was "so insubstantial that it is not constitutionally cognizable" and noting that the Fifth Circuit subscribes to the view that "there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned") (citation omitted)); *see also Jones v. City of Picayune, Miss.*, No. 1:08CV1318-HSO-JMR, 2010 WL 4781178, at *6 (S.D. Miss. Jun. 1, 2010), *report and rec. adopted*, 2010 WL 5094374 (S.D. Miss. Nov. 17, 2010) (holding that the pretrial detainee's allegations of inadequate food and water did not show any punitive purpose, were *de minimis*, and were not actionable). Accordingly, these claims against the defendants are dismissed.

Regarding his claims against Nurse McLeod for medical issues, deliberate indifference is an "extremely high standard to meet," *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." *Morgan v. Hubert*, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

To show deliberate indifference in the medical context, a prisoner must show that a defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A delay in medical care can rise to the level of a constitutional violation only if the delay is occasioned by deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Aside from the conclusory nature of Burchfield's allegations, his pleadings reveal that he received medical treatment from Nurse McLeod, but not the treatment he wanted. *See Petzold v. Rostollan*, 946 F.3d 242, 250-51 (5th Cir. 2019) (holding that a cursory instruction to ice an injury was "medical treatment" sufficient to defeat a claim of deliberate indifference). The Fifth Circuit has noted that "because medical treatment was provided, even if it was negligent, disagreed-with, and based on a perfunctory and inadequate

evaluation, it was not denied." *Id.* Under governing Fifth Circuit precedent, "imperfect treatment does not equal denied treatment." *Id.* The court in *Petzold* reiterated that "a disagreement with recommended treatment is generally insufficient to show deliberate indifference." *Id.* at 250-51 (citing cases). Burchfield fails to state a viable claim against McLeod where he discloses that she addressed his issues on numerous occasions and ordered tests like the stool sample and examined his tooth issue twice. Although he disagrees with the treatment he received and wanted a blood test instead of a stool sample test, his disagreement with the type of medical care he received does not state a claim for deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Burchfield does not state a claim for medical deliberate indifference against McLeod.

To the extent that he complains that Lt. Use did not process his grievances correctly or provide him with copies in a timely fashion, he does not state a claim for relief. *See Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013) ("A prisoner does not have a constitutionally protected liberty interest in having 'grievances resolved to his satisfaction.'") (quoting *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)); *see also Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006) (holding that because the plaintiff did not have a liberty interest in the resolution of his grievance, "the defendants' alleged failure to address his grievance does not constitute the violation of a constitutional right"). Therefore, the claims against Lt. Use are also dismissed.

In sum, Burchfield fails to state a claim for which relief may be granted against any of the Defendants in this case. Therefore, his case is subject to dismissal under the PLRA.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED** with prejudice under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B) as frivolous and for failure to state a claim for which relief may be granted.

2. All pending motions, if any, are **DENIED**.

3. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 19th day of April 2023.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE